IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CONTOUR INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-CV-234 |
| | ) | |
| U.S. BANCORP d/b/a U.S. BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This civil action is before the court for consideration of the "Motion to Dismiss for Judgment on the Pleadings" filed by defendant [doc. 7]. Plaintiff has filed a response in opposition [doc. 14], and defendant has submitted a reply [doc. 16]. The court has determined that oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons stated herein, the motion will be granted in part and denied in part.

I.

*Background*

Plaintiff originally filed suit in state court on August 14, 2007. The defendant removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In the complaint, plaintiff alleges that an employee named Timmy Byrd, who plaintiff states was its agent and fiduciary, obtained checks made payable to plaintiff, and using a modified

endorsement stamp, deposited checks into his personal account. Plaintiff alleges that Byrd engaged in this conduct over 37 months with 62 checks having a total value of almost $400,000.00. The complaint also identifies conduct by defendant's employees concerning these deposit transactions.

The complaint identifies four causes of action, two entitled "conversion," one for common law negligence, and one for punitive damages. Defendant through its motion seeks dismissal of the entire complaint.

II.

*Standard of Review*

The pending motion is brought pursuant to Federal Rule of Civil Procedure 12(c). Courts analyze Rule 12(c) motions employing the same standard applied to Rule 12(b)(6) motions to dismiss.[1] *See Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting

---

[1] If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(c) motion is generally treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, in this case, nothing outside the pleadings has been submitted. The copies of the checks at issue are exhibits to the complaint, not outside submissions. *See* doc. 14. In addition, a Rule 12(c) motion may be made after a defendant has filed an answer. *Hunter v. Ohio Veterans Home*, 272 F. Supp.2d 692, 694 (N.D. Ohio 2003); Rule 12(c) (motions for judgment on the pleadings re filed "[a]fter the pleadings are closed"). Defendant in this case has filed an answer [doc. 4].

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court need not, however, accept legal conclusions presented in the complaint, nor should it make unwarranted factual inferences. *See Penny/Ohlmann/Niemann*, 399 F.3d at 697 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). A court may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

III.

*Analysis*

A. Common Law Negligence and Punitive Damages Claims

Defendant argues that plaintiff's common law negligence and punitive damages claims are preempted by the Uniform Commercial Code ("UCC") as enacted in Tennessee. Defendant supports its contention with specific provisions of the UCC and a recent decision from the Tennessee Court of Appeals, *C-Wood Lumber Co., Inc. v. Wayne County Bank*, 233 S.W.3d 263 (Tenn. Ct. App. 2007).

The facts in *C-Wood* were very similar to those alleged in this case. In *C-Wood*, the company's secretary/treasurer endorsed checks received by the company and deposited them in her personal account and the accounts of her children. One of the issues the court addressed was the exact nature of the claim the plaintiff company could assert against the bank. The court determined that the company could not assert common law claims for negligence or conversion but could assert a claim for conversion under the UCC. The court stated:

> Articles 3 and 4 of the UCC embody a delicately balanced statutory scheme governing the endorsement, negotiation, collection, and payment of checks. They provide discrete loss-allocation rules uniquely applicable to banks. . . . The weight of the case law comes down against permitting common-law actions to displace the UCC's provisions regarding transactions governed by Articles 3 and 4. Accordingly, a large number of courts have refused to recognize common-law or non-UCC claims in general, and specifically common-law or non-UCC negligence claims or conversion claims, arising from transactions governed by Articles 3 or 4. The transactions at issue in this case fall squarely within the scope of Articles 3 and 4. Therefore, C-Wood's claims against the bank and the scope of the remedies available to C-Wood are governed solely by the UCC.

*Id*. at 281-82 (internal citations and footnotes omitted).

Therefore, Contour's claim for common law negligence is preempted by the UCC. To that extent, defendant's motion should be granted.

Defendant also argues that plaintiff's request for punitive damages is preempted by the UCC and should be dismissed on that basis. However, courts have held

4

that punitive damages are recoverable under the UCC's statutory provision for conversion.[2]

"Consistent with the view of § 3-419 as sounding in tort, courts have held that a conversion action under the Code could support an award of punitive damages if the bank's conduct is sufficiently aggravated to meet that jurisdiction's particular punitive standard." *McAdam v. Dean Witter Reynolds, Inc*., 896 F.2d 750, 772 (3rd Cir. 1990) (and cases cited therein); *see also Flavor-Inn, Inc. v. NCNB Nat'l Bank of S.C.*, 424 S.E.2d 534, 537 (S.C. Ct. App. 1992) (punitive damages recoverable in case brought under S.C. Code Ann. § 36-3-419).

> In *Flavor-Inn*, the court noted:
>
> Unlike the "principle of law" that permits the recovery of compensatory damages in a conversion case and prescribes the measure of recovery therefor, a principle that § 36-3-419(2) takes the place of, no "particular provision" of the UCC displaces the "principle of law" that permits the recovery of punitive damages. This latter "principle of law" or, in the language of § 36-1-106(1)[3], "other rule of law," therefore, continues in effect and serves to "supplement" the provisions of the UCC. *See* S.C. Code Ann. § 36-1-106(1) (1976) ("[P]enal damages may [not] be had except as specifically provided in this act or by other rule of law.").

---

[2] "Prior to July 1, 1996, Tenn. Code Ann. § 47-3-419 governed conversion claims. Following July 1, 1996, conversion claims were governed by Tenn. Code Ann. § 47-3-420." *C-Wood*, 233 S.W.3d at 279 n.45.

[3] Tenn. Code Ann. § 47-1-106(1) states:

> The remedies provided by chapters 1-9 of this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in chapters 1-9 of this title or by other rule of law.

*Id*. The court also relied on *McAdam* and the cases cited by the Third Circuit in *McAdam* in support of its decision that punitive damages could be recovered in a conversion case under the UCC's statutory conversion provision. *Id*.

However, in this case, plaintiff has not pled the UCC conversion provision, Tenn. Code Ann. § 47-3-420.[4] Absent this provision being a part of the complaint, the court is inclined to dismiss the punitive damage allegations.[5] Therefore, the court will require the plaintiff to show cause why the punitive damages claim should not be dismissed.

B. Byrd's Status as Fiduciary

Defendant argues that Byrd was only an employee and that plaintiff has not pled sufficient facts to show that Byrd was a fiduciary or that the defendant bank knew Byrd was plaintiff's fiduciary. Paragraphs 16 and 17 of the complaint state:

> 16. Byrd was fiduciary with respect to Contour, for reasons including but not limited to the fact that he was an employee or agent of Contour having responsibility for the subject checks.

---

[4] Arguably, after the decision in *C-Wood*, in actions involving transactions governed by Articles 3 and 4 of the UCC, there is no common law action for conversion recognized under Tennessee law. *C-Wood*, 233 S.W.3d at 281-82. In addition, the Tennessee Supreme Court has indicated that in a UCC conversion case consequential damages are not permitted. *Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 549 (Tenn. 1996). The case involved the measure of damages provision of Tenn. Code Ann. § 47-4-103(5), now 103(e).

[5] Even if the punitive damages claim is not dismissed prior to trial, the court expresses no opinion concerning whether plaintiff has alleged conduct that is sufficient to meet the standard for punitive damages as required under Tennessee law or that the issue of punitive damages will reach the jury.

17. USBank knew that Byrd was Contour's fiduciary with respect to the checks, for reasons including but not limited to the fact that USBank knew that Byrd was a Contour employee and agent having responsibility for the subject checks. Contour seeks to recover based on Byrd's breach of his fiduciary obligation.

After considering these allegations in light of the applicable standard of review, the court finds that defendant's motion should be denied to the extent it seeks a definitive ruling on the status of Byrd as a fiduciary. Plaintiff's allegations in that regard are sufficient to withstand defendant's Rule 12(c) motion. Any ultimate decision concerning whether Byrd was a fiduciary or employee and therefore whether Tenn. Code Ann. § 47-3-307 or §§ 47-3-405 or 47-3-406 applies to this case, *C-Wood*, 233 S.W.3d at 277, must await the factual development of the record.

Accordingly, for the reasons stated herein, defendant's motion will be granted in part and denied in part. In addition, plaintiff will be given until July 16, 2008, to show cause why the claim for punitive damages should not be dismissed.

ENTER:

s/ Leon Jordan
United States District Judge